IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-95-BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL LOUIS POWELL | ORDER |

This matter is before the court on defendant's *pro se* motion for a sentence reduction and his counseled motion for compassionate release. (DE ## 38, 42.)

In 2018, defendant pled guilty to felon in possession of a firearm. The court sentenced him to 41 months imprisonment. In July 2020, defendant filed the instant *pro se* motion. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. Appointed counsel filed the instant motion with supporting documents. (DE ## 42-1, 43, 45-1.) The government filed a response in opposition. (DE # 46.)

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

As the court has previously recognized, defendant appears to have exhausted his administrative rights. (7/31/20 Order, DE # 39, at 1.) The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Therefore, the court will consider the merits of defendant's motion.

Defendant requests that the court grant him compassionate release based on an underlying health issue which increases his risk of severe complications from COVID-19. (Mot.,

2

DE # 42, at 4.) In opposition, the government argues defendant has failed to provide evidence of any medical condition that is extraordinary and compelling to warrant a sentence reduction. (Resp., DE # 46, at 16.) It further argues defendant's motions should be denied because he would be a danger to the community if he is released and the § 3553(a) factors weigh against any reduction in defendant's sentence. (Id. at 17-18.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)). The Centers for Disease Control and Prevention's list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 32 years old and has asthma for which he is prescribed an inhaler. (Ex. 1, DE # 43.) Although moderate to severe asthma might increase the risk of severe illness from COVID-19, see Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 8, 2021), defendant does not argue, nor do the medical records he filed suggest, that his asthma is moderate to severe or that it is not well controlled. According to the most recent data from the Bureau of Prisons ("BOP"), at USP Atwater, where defendant is incarcerated, 53 inmates and 10 staff are positive for COVID-19. Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Jan. 7, 2021). While many test

results for inmates remain pending at the institution, see id. (reporting 128 pending tests), it appears the infection rate there has decreased from nearly two weeks ago, see United States v. Gonzalez, No. 17-cr-2054-GPC, 2021 WL 37728, at *4 (S.D. Cal. Jan. 5, 2021) (recognizing "as of December 28, 2020, USP Atwater reported 115 inmates and 12 staff with active cases, even while hundreds of tests remained outstanding" (citation omitted)).  Given defendant's age, health, and the conditions at USP Atwater, the court concludes defendant has failed to show extraordinary and compelling reasons warrant a reduction in his sentence.

Additionally, the court concludes the § 3553(a) factors do not support reducing defendant's sentence.  Prior to his commission of the instant offense, defendant had been convicted of five felonies and numerous misdemeanors.  At sentencing, the court denied defendant's motion for a downward departure and sentenced him to the top of the guideline imprisonment range.  While incarcerated, defendant has taken educational courses, works as a tutor, and has not incurred any disciplinary infractions (at least as of briefing).  (Mot., DE # 38; Mot., DE # 42, at 6; Ex. 1, DE # 45-1.)  His security classification remains high.  (Ex. 1, DE # 45-1.)  He has served 70% of his sentence (with good time credit), (Mot., Ex. 2, DE # 42-1), and his projected release date is in August 2021, Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 65180-056) (last visited Jan. 7, 2021).[2]

Considering all the circumstances, the court concludes reducing defendant's term of imprisonment to time served would not provide just punishment, and defendant's motions are

---

[2] At the time of briefing, defendant's projected release date was 4 July 2021.  (Mot., DE # 42, at 6.)

4

DENIED.

This 8 January 2021.

                                                        _____
                                                                  W. Earl Britt
                                                                 Senior U.S. District Judge